**FIRST NATIONAL BANK OF LOUISVILLE**

v.

**Loretta LUSTIG, et al.**

**Civ. A. Nos. 87–5488, 88–1682.**

United States District Court, E.D. Louisiana.

Dec. 14, 1992.

Larry L. Sims, Gibson, Dunn & Crutcher, Washington, DC, John J. Swenson, Michael P. McNamara, Gibson, Dunn & Crutcher, Los Angeles, CA, Frederick F. Bott, Matt J. Farley, Allen F. Campbell, Ellis B. Murov, Duris L. Holmes, Deutsch, Kerrigan & Stiles, New Orleans, LA, for Chubb Corp., Chubb & Son, Inc., Aetna Cas. and Sur. Co. and Federal Ins. Co.

Patrick M. Ardis, Carolyn C. Kessinger, Wolff Ardis, Memphis TN, William E. Brown, Barry Ashe, Stone, Pigman, Walther, Wittmann & Hutchinson, New Orleans, LA, for First Nat. Bank of Louisville.

## ORDER AND REASONS

MENTZ, District Judge.

First National Bank of Louisville (FNBL) commenced a bad faith action against the Aetna Casualty & Surety Company (Aetna) and Federal Insurance Company (Federal) for their refusal to pay FNBL's claim under the fidelity bond on which they were co-sureties. Almost five years later,[1] FNBL amended its complaint to add Chubb Corporation and Chubb & Son, Inc. as defendants on counts of bad faith, conspiracy, intentional interference with contract, and agency. The Chubb companies are allegedly interrelated with Federal, but the exact nature of the relationship is in dispute.

The Chubb companies filed a motion to dismiss FNBL's claims against them under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief

---

1. The bad faith portion of the case was stayed for several years while FNBL and the sureties litigated the issue of coverage under the fidelity bond. In June, 1990, the Court granted partial summary judgment for FNBL finding coverage under the fidelity bond, and in August, 1990, the parties tried the remaining issues of the sureties' defense of termination and lack of timely no-tice, and FNBL's damages to a jury. After a verdict in favor of FNBL, an appeal followed, and on May 18, 1992, the Fifth Circuit reversed the partial summary judgment and remanded for a new trial. *First National Bank of Louisville v. Lustig,* 961 F.2d 1162 (5th Cir.1992). As coverage has not been finally determined, the bad faith issues remain to be tried.

can be granted. The motion is moot as to Chubb Corporation because it has been dismissed for lack of personal jurisdiction.

■■■ On a motion to dismiss, the moving party, has the burden to show that the plaintiff can prove no set of facts consistent with the allegations in the complaint which would entitle it to relief. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984) (citing *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). The purpose of a Rule 12(b)(6) motion is to test the sufficiency of the complaint, not to decide the merits of the case. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). The court must accept all well-pleaded factual allegations in the complaint as true. In addition, the court must construe the complaint liberally, and view the allegations in the light most favorable to the non-moving party. *Scheuer,* 416 U.S. at 236, 94 S.Ct. at 1686.

In asserting a 12(b)(6) defense FNBL has presented to the Court materials outside the formal pleadings in this matter. The Court has not considered those materials in deciding the motion to dismiss.

A. Agency/Alter Ego

■■■ FNBL alleges that defendant, Federal, one of the co-sureties on FNBL's fidelity bond at issue in this case, is a subsidiary of Chubb & Son. FNBL clearly states a claim that Chubb & Son is vicariously liable for the tortious acts of Federal under a theory of agency:

The corporation known as Federal is completely dominated and controlled in all of its functions by Chubb [ & Son] and Chubb Corp. and it has no independent function of its own. Federal's insuring activities were undertaken solely as an agent of Chubb [& Son] and Chubb Corp.

Chubb Corp. and Chubb [& Son] are liable as principals for all of their agent Federal's tortious acts and omissions

against FNBL, because all of such acts were done in the course and scope of Chubb [ & Son's] and Chubb Corp.'s business.[2]

The complaint contains no allegation that Federal is the alter ago of Chubb & Son, or that the corporate veil should be pierced. Nor does the complaint allege facts sufficient to state a claim for piercing corporate veil. FNBL's allegations that Chubb & Son dominates and controls Federal, that they are "operated as one economic unit," that their "affairs ... are commingled", and that Federal has "no independent function of its own" support FNBL's claim of agency. *See Mill Street Church of Christ v. Hogan,* 785 S.W.2d 263, 267 (Ky.Ct.App. 1990) (discussing Kentucky law of agency). These allegations are insufficient to state a claim for alter ego status—FNBL does not allege that Federal is a shell corporation or mere facade for Chubb & Son, that Federal is fraudulently or otherwise undercapitalized, that Federal is fraudulently organized, that Chubb & Son's ownership and control of Federal has deprived FNBL of a remedy, that separate treatment will promote a fraud or injustice, that Federal's officers and directors are non-functioning, that Federal does not maintain corporate formalities, or that Chubb & Son siphons Federal's funds. *White v. Winchester Land Dev., Inc.,* 584 S.W.2d 56, 60 (Ky.Ct. App.1979) (citing *Poyner v. Lear Siegler, Inc.,* 542 F.2d 955, 958 (6th Cir.1976), *cert. denied,* 430 U.S. 969, 97 S.Ct. 1653, 52 L.Ed.2d 361 (1977)); *Big Four Mills, Ltd. v. Commercial Credit Co.,* 307 Ky. 612, 211 S.W.2d 831 (Ky.1948).

B. Statutory Bad Faith

■■ Kentucky's Unfair Claims Settlement Practices Act, § 304.12–230 (UCSPA), applies to "any person." "Person" is defined at § 304.12–220 as not an insured. Giving this language a liberal reading,[3] the UCSPA appears to create a bad faith tort action independent from the contractual re-

---

**2.** Chubb & Son contends that it acted as Federal's agent rather than vice versa, and that Federal is its affiliate, not its subsidiary. Disputed issues of fact are not to be adjudicated on a motion to dismiss.

**3.** *State Farm Mut. Auto Ins. Co. v. Reeder,* 763 S.W.2d 116, 118 (Ky.1988) (the UCSPA should be liberally construed to effectuate its purpose).

lationship. The Court finds that the UCSPA can apply to persons who are not parties to the insurance contract. It is not necessary that Chubb & Son be a party to the contract in order to be liable under the UCSPA. Having specifically alleged that Chubb & Son violated various sections of the UCSPA, FNBL has stated a direct cause of action for statutory bad faith against Chubb & Son.

### C. Common Law Bad Faith

■ The common law bad faith action is for breach of the implied covenant of good faith and fair dealing. This implied covenant is imposed by law on the parties to an insurance contact and requires that "neither party will do anything which will injure the right of the other to receive the benefits of the agreement." *Comunale v. Traders & General Ins. Co.*, 50 Cal.2d 654, 328 P.2d 198 (Cal.1958). Accordingly, it is generally held that there is no common law bad faith cause of action against one who is not a party to the contract. *See, e.g., Ironworks Unlimited v. Purvis*, 798 F.Supp. 1261, 1265–67 (S.D.Miss.1992); *Vargas v. California State Auto. Assoc. Inter–Ins. Bureau*, 788 F.Supp. 462, 465 (D.Nev.1992); *Butler v. Nationwide Mutual Ins. Co.*, 712 F.Supp. 528, 529 (S.D.Miss.1989); *Cloud v. Illinois Ins. Exchange*, 701 F.Supp. 197, 202 (W.D.Okl.1988); *Griffin v. Ware*, 457 So.2d 936, 940 (Miss.1984); *Gruenberg v. Aetna Ins. Co.*, 9 Cal.3d 566, 576, 108 Cal. Rptr. 480, 486–87, 510 P.2d 1032, 1038–39 (Cal.1973).

Some courts have determined that there is a common law bad faith cause of action against a non-party to the contract where the non-party is vested with authority to decide whether the approve or deny a claim. *See Delos v. Farmers Ins. Group, Inc.*, 155 Cal.Rptr. 843, 848–50, 93 Cal. App.3d 642, 650–53 (Cal.Ct.App.1979) (company rendering management services for insurer held liable for bad faith denial of a claim even though it was not a party to the contract of insurance); *See also Bass v. California Life Ins. Co.*, 581 So.2d 1087 (Miss.1991) (administrator of an insurance plan could be held liable for bad faith failure to pay claims where plan administrator had the authority to pay certain claims without prior approval from the insurer and was named in the policy as a third party to the contract).

It is undisputed that Chubb & Son is not a party to the fidelity bond contract. However, FNBL alleges that Chubb & Son was not a stranger to the contract in that it "supervised and controlled the investigation and approval, disapproval, and settlement" of FNBL's bond claim.

■ The Court is reluctant to find a bad faith cause of action under Kentucky common law against a non-party to the insurance contract. There is no Kentucky case law or other legal authority which can be read to support a common law bad faith cause of action against one who is not a party to the contract of insurance, even where the person plays a role in fulfilling the terms of the contract. Further, unlike the situation in *Delos*, where the California appellate court believed that failure to find a cause of action against the management company would "permit the insurer to insulate itself from liability ... [and] deprive a plaintiff from redress against the party primarily responsible for damages," FNBL has a statutory bad faith cause of action against Chubb & Son under Kentucky's UCSPA. Accordingly, the Court finds that FNBL has no viable claim for common law bad faith against Chubb & Son because it is not a party to the insurance contract.

### D. Intentional Interference with Contract

FNBL alleges that Chubb & Son "intentionally interfered with and directly induced Federal to breach its fidelity bond contract with FNBL without justification." As stated above, FNBL also alleges that Federal is the subsidiary and agent of Chubb & Son.

■ Kentucky law recognizes a tort for intentional interference with a known contractual relationship, if the interference is malicious or without justification, or is accomplished by some unlawful means such as fraud, deceit, or coercion. *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807

S.W.2d 476, 487 (Ky.1991); *Davis H. Elliot Co. v. Caribbean Utilities Co.*, 513 F.2d 1176, 1182 (6th Cir.1975) (citing *Derby Road Bldg. Co. v. Commonwealth of Kentucky*, 317 S.W.2d 891, 895 (Ky.1958); *Henkin, Inc. v. Berea Bank & Trust Co.*, 566 S.W.2d 420, 424–25 (Ky.Ct.App.1978).

 As a matter of law, Chubb & Son cannot be liable for intentional interference with the contract between its alleged subsidiary and agent, Federal, and FNBL because it has a common interest and unity of purpose with Federal. *See Steelvest*, 807 S.W.2d at 486 ("one who knowingly and *for his own end*, and without justification, ... procures another to break a contract may be held liable ... on the basis of the interference with the legal rights of another"); *Starcom, Inc. v. U.S. Telecom, Inc.*, 1991 WL 279291 (D.Kan.1991) (citing *Copperweld Corp. v. Independence Tube Corp.*, 467 U.S. 752, 104 S.Ct. 2731, 81 L.Ed.2d 628 (1984)); *Hutchinson v. AT & T Communications, Inc.*, 1990 WL 58458 (N.D.Ga. 1990); *Techreations, Inc. v. Nat'l Safety Council*, 1986 WL 15077 (N.D.Ill.1986).

### E. Conspiracy to Withhold Payment

 FNBL has failed to state a claim for conspiracy between Chubb & Son and Federal. As a matter of law, a subsidiary and a parent, or a corporation and its agent, are incapable of conspiring with each other. *Lifmann v. Carlson Co., Inc.*, 867 F.2d 609 (4th Cir.1989); *Pizza Management, Inc. v. Pizza Hut, Inc.*, 737 F.Supp. 1154, 1164–66 (D.Kan.1990); *Lynch v. Maerklin of America, Inc.*, 1989 WL 82002 (N.D.Ill.1989); *Techreations v. Nat'l Safety Council*, 1986 WL 15077 (N.D.Ill.1986); *Laxalt v. McClatchy*, 622 F.Supp. 737 (D.Nev.1985).

FNBL has stated a cause of action for conspiracy between Chubb & Son and Aetna, but only in the most conclusory manner which does not sufficiently inform the defendants of the facts forming the basis of the conspiracy charge. FNBL will be required to state the circumstances that form the basis for this claim.

Considering all of the foregoing,

IT IS ORDERED that:

1) Motion on Behalf of the Chubb Corporation and Chubb & Son, Inc. to Dismiss FNBL's Eighth Amendment to Complaint and Second Restated Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) is GRANTED IN PART and DENIED IN PART as to Chubb & Son, Inc., and is MOOT as to Chubb Corporation because it was dismissed without prejudice for lack of personal jurisdiction on December 4, 1992:

a) All claims of plaintiff, First National Bank of Louisville, against defendant, Chubb & Son, Inc., based on alter ego status, and for common law bad faith, intentional interference with contract, and conspiracy between Chubb & Son and Federal are DISMISSED for failure to state a claim.

b) The motion to dismiss is DENIED as to the claims of plaintiff, First National Bank of Louisville, against defendant, Chubb & Son, Inc., based on agency, and for conspiracy between Chubb & Son and Aetna, and statutory bad faith.

2) IT IS FURTHER ORDERED that within fifteen days FNBL shall specify the facts that form the basis for its claim that Chubb & Son, Inc. conspired with Aetna Casualty and Surety Company to withhold payment under the fidelity bond policy.