**UNITED FARM BUREAU MUTUAL INSURANCE COMPANY,**
Appellant–Plaintiff,

v.

**BLOSSOM CHEVROLET,**
Appellee–Defendant.

No. 49A05–9512–CV–497.

Court of Appeals of Indiana.

Aug. 8, 1996.

Glenn E. Davis, Jr., Davis Davis & Langan, Indianapolis, for appellant.

Jeffrey A. Doty, Kightlinger & Gray, Indianapolis, for appellee.

## OPINION

BARTEAU, Judge.

United Farm Bureau Mutual Insurance Company and Tamara Nicholson (collectively "Farm Bureau") appeal the grant of summary judgment in favor of Blossom Chevrolet, Inc., raising two issues:

1. Whether the trial court erroneously considered as evidence a copy of a Release attached to Blossom's motion for summary judgment?

2. Whether the trial court erroneously determined that Farm Bureau's release of Blossom's employee precluded further action against Blossom.

We affirm.[1]

## FACTS

Cheryl Moss, while driving an automobile owned by Blossom, negligently collided with Nicholson, causing Nicholson to suffer personal injuries. Blossom was attempting to sell the vehicle to Moss and gave her possession of the vehicle to take it for a test drive. Nicholson had underinsured motorist coverage with Farm Bureau and Farm Bureau paid to Nicholson $104,639.64. Farm Bureau filed a complaint against Moss and Blossom. Farm Bureau subsequently settled with Moss for $50,000.00 and executed a release

aquit[ting] and forever discharg[ing] Cheryl Moss, individually and her administrators, executors, heirs, and her insurance carrier State Farm Mutual Insurance Company, only, of and from any and all causes of action, claims, demands, damages, costs, loss of services, expenses and compensation, on account of, or growing out of, the personal injuries and property damage resulting from or to result from a collision that occurred on or about September 20, 1992, at or near the intersection of

South Street and south Illinois Street in Indianapolis, Marion County, Indiana.

R. 38. The Release also provided:

... [I]t is further expressly understood and agreed that this release shall not inure to the benefit of ... Blossom Chevrolet, Inc. and its insurers—and it is the intention of the parties to release only Cheryl Moss, individually, and to discharge any further obligation of her insurer, State Farm Mutual Insurance Company, as may arise from this collision.

*Id.*

Blossom successfully moved for summary judgment on the grounds that the release of Moss also released Blossom from any liability.

## *STANDARD OF REVIEW*

▇▇▇ On appeal from the grant of a summary judgment, we stand in the shoes of the trial court. If, as here, there is no dispute as to the facts, we determine whether the trial court properly applied the law. *Stewart v. Walker,* 597 N.E.2d 368, 371 (Ind.Ct.App. 1992), *reh'g denied.*

## *AUTHENTICITY OF RELEASE*

▇▇▇ Farm Bureau makes a brief argument that the trial court should not have considered the Release in ruling upon Blossom's motion for summary judgment because it was not properly authenticated. However, Farm Bureau did not object to the Release during the summary judgment proceeding and thus has waived any objection it has. A party may not present an argument on appeal that was available but not raised to the trial court. *Hansford v. Maplewood Station Business Park,* 621 N.E.2d 347, 353 (Ind.Ct. App.1993), *reh'g denied.*

## *EFFECT OF RELEASE*

Farm Bureau argues that the trial court erroneously granted summary judgment in favor of Blossom, relying on *Huffman v. Monroe County Community School Corporation,* 588 N.E.2d 1264 (Ind.1992). In *Huffman,* our Supreme Court addressed the issue of whether the release of one joint tortfeasor

---

1. We grant Blossom's Motion to Strike New Argument in Appellant's Reply Brief.

released all joint tortfeasors in light of the Indiana Comparative Fault Act. The Court held that the rationale behind the release rule no longer existed in comparative fault cases because the Act (1) prohibits a plaintiff from recovering more than one hundred percent of the damages sustained and (2) requires that each tortfeasor's degree of fault be determined, rather than treating joint tortfeasors as a single entity. *Id.* at 1266. The Court also held that the release rule would no longer be valid in noncomparative fault cases as well. *Id.* at 1267. Trial courts prevent a plaintiff from recovering more than one hundred percent of the damages by setting off a verdict by any amount the plaintiff received from other tortfeasors. *Id.* Releases are to be interpreted as any other contract and will release only those parties intended to be released. *Id.*

■ Farm Bureau contends that the Release executed by Farm Bureau and Moss clearly exhibits an intention to release only Moss and not Blossom. We would agree with Farm Bureau if Moss and Blossom are joint tortfeasors. If they are not joint tortfeasors, however, *Huffman* is inapplicable here. Thus, we turn to the question of whether Moss and Blossom are joint tortfeasors.

In its Complaint against Blossom, Farm Bureau seeks to impose vicarious liability on Blossom for the negligence of Moss, Blossom's customer, based upon the allegations that (1) Blossom owned the car Moss was driving, (2) an employee of Blossom acting in the scope of his employment gave Moss possession of the car, and (3) Moss was driving the car for the benefit of Blossom. Rather than argue for summary judgment on the ground that there was no relationship between Moss and Blossom that would give rise to vicarious liability, Blossom accepted Farm Bureau's premise that a master/servant or principal/agent relationship existed that would give rise to vicarious liability under

the theory of *respondeat superior* and relied upon the rule that the release of the servant-agent also releases the master-principal. We do not address, nor do we express an opinion about, the issue of whether a master/servant or principal/agent relationship giving rise to vicarious liability exists or may exist between a car dealership and its potential customer when the customer test drives a car owned by the dealership. The parties did not raise this as an issue but proceeded on the assumption that such a relationship does exist here. Therefore, we will do the same and address the issue raised by the parties of whether the release of the servant also releases the master.

This is an issue of first impression in Indiana. In light of *Huffman*, the answer depends upon whether the master and servant [2] are joint tortfeasors. If they are joint tortfeasors, then *Huffman* controls and the release of the servant does not release the master. If they are not joint tortfeasors, then *Huffman* is not applicable and we must look elsewhere for an answer.

■ Under the doctrine of *respondeat superior,*

> the master or principal is chargeable with, and liable for, any negligent act committed by his agent or servant while such servant is acting in the course of his employment and in the line of his duty. In such cases both master and servant are liable for any injury and damages caused by such negligence, *and either or both may be sued therefor at the option of the injured party.*
> . . .

*Henry B. Steeg and Associates v. Rynearson,* 143 Ind.App. 567, 569–70, 241 N.E.2d 888, 889 (1968), *reh'g denied* (quoting *Illinois Cent. R. Co. v. Hawkins,* 66 Ind.App. 312, 317, 115 N.E. 613, 614 (1917)). Thus, the master-principal and servant-agent are jointly and severally liable. It does not necessarily follow that they are joint tortfeasors.

■ The term "joint tortfeasors" has been defined as "two or more persons jointly or

---

**2.** For purposes of this discussion we do not draw a distinction between the master/servant and principal/agent relationship.

severally liable in tort for the same injury to person or property." *Flagg v. McCann Corp.*, 498 N.E.2d 76, 78 (Ind.Ct.App.1986), *reh'g denied*, (quoting *American Tobacco Co. v. Transport Corp.*, 277 F.Supp. 457, 461 (E.D.Va.1967)). More precisely, "joint tortfeasors" means "those who act together in committing wrong, or whose acts if independent of each other, unite in causing a single injury." *Flagg*, 498 N.E.2d at 78 (quoting *Bowen v. Iowa Nat'l Mut. Ins. Co.*, 270 N.C. 486, 155 S.E.2d 238, 242–43 (1967)); *Chaiken v. Eldon Emmor & Co., Inc.*, 597 N.E.2d 337, 346 (Ind.Ct.App.1992), *trans. denied*; *see also Elias v. Unisys Corp.*, 410 Mass. 479, 573 N.E.2d 946, 947 (1991).

Underlying the concept of joint tortfeasors is the principle that all joint tortfeasors are independently at fault for their wrongful acts. *Elias*, 573 N.E.2d at 947. To the contrary, "the principles of vicarious liability apply where only the agent has committed a wrongful act. The principal is *without fault.* The liability of the principal arises simply by the operation of law and is only derivative of the wrongful act of the agent." *Elias*, 573 N.E.2d at 947–48 (emphasis in original); *see also McCurry v. School District of Valley*, 242 Neb. 504, 496 N.W.2d 433, 442–43 (1993).

It has been recognized in Indiana that the master and servant are not considered joint tortfeasors when the master is liable solely under the doctrine of respondeat superior. *See Gomez v. Adams*, 462 N.E.2d 212, 225 (Ind.Ct.App.1984); *Biel, Inc. v. Kirsch*, 130 Ind.App. 46, 52, 153 N.E.2d 140, 143 (1958), *trans. denied* (1959). In *Henry B. Steeg*, however, the court, in determining whether a covenant not to sue the servant released the master, stated that while the employer-employee relationship under the doctrine of *respondeat superior* was not one of joint tortfeasors under a strict definition, it was one of joint tortfeasors for purposes of determining whether a release of or covenant not to sue the servant discharged the master. 143 Ind. App. at 570–71, 241 N.E.2d at 890. The court concluded that the covenant not to sue did not release the master. *Henry B. Steeg* was decided when the release rule was valid

and the court based its conclusion on the joint and several nature of the liability, which was an underlying principle of the release rule. That reasoning supports applying the release rule to the master-servant relationship because there is only one tortfeasor, but no longer supports characterizing the relationship as one of joint tortfeasors. It is precisely because joint tortfeasors are no longer treated as a single entity that the release rule has been abrogated. *Huffman*, 588 N.E.2d at 1267. We disagree with the conclusion in *Steeg* that a master/servant relationship is one of joint tortfeasors and hold that the master/servant relationship under the doctrine of *respondeat superior* is not one of joint tortfeasors.

■ Our conclusion that Moss and Blossom are not joint tortfeasors makes the holding in *Huffman* abrogating the release rule of joint tortfeasors inapplicable to the question whether the release of the servant releases the master. Thus, we look for guidance without regard to whether the release of one joint tortfeasor releases other tortfeasors.

Based upon the distinction between joint tortfeasors and vicariously imposed liability, many states recognize the general rule that the release of the servant releases the master, even though releasing one joint tortfeasor does not release all joint tortfeasors. *See, e.g., Atkinson v. Wichita Clinic, P.A.*, 243 Kan. 705, 763 P.2d 1085 (1988); *Elias*, 573 N.E.2d at 949; *Theophelis v. Lansing General Hospital*, 430 Mich. 473, 424 N.W.2d 478 (1988); *McCurry*, 496 N.W.2d 433; *Pallante v. Harcourt Brace Jovanovich, Inc.*, 427 Pa.Super. 371, 629 A.2d 146 (1993). *See generally* 53 Am.Jur.2d *Master & Servant* § 408; 76 C.J.S. *Release* § 57. We are persuaded that the underlying principles of vicarious liability merit the conclusion that the release of the servant releases the master when the master's liability is vicariously imposed. Only one tortfeasor caused the injury and the master and servant should be treated as a single unit for the purpose of distributing the loss. Indeed, " 'the reason for the

employer's liability is [that] the damages are taken from a deep pocket.' " *Theophelis,* 424 N.W.2d at 482–83 (quoting Prosser & Keeton, Torts 500 (5th ed.)). And, once the servant has been discharged from liability, there is no negligence which can be imputed to the master. *Biel,* 130 Ind.App. at 53, 153 N.E.2d at 144.

Therefore, we follow the established rule of law that the release of the servant releases the master and affirm the trial court's grant of summary judgment in favor of Blossom.

GARRARD and ROBERTSON, JJ., concur.