**Eugene SCHWARTZ and Pamela Schwartz, Plaintiffs–Appellants,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and Robert E. Comte, Defendants–Appellees.**

No. 98–2448.

United States Court of Appeals, Seventh Circuit.

Argued Feb. 10, 1999.

Decided April 15, 1999.

James E. Brammer (argued), Allen & Associates, Valparaiso, IN, for Plaintiffs–Appellants.

Richard M. Davis (argued), Hoeppner, Wagner & Evans, Valparaiso, IN, for Defendants–Appellees.

Before COFFEY, FLAUM, and EASTERBROOK, Circuit Judges.

FLAUM, Circuit Judge.

This is an appeal from summary judgment in favor of State Farm Mutual Automobile Insurance Company ("State Farm") in a suit brought by one of its policy holders claiming that the under-insured vehicle provision of the State Farm automobile insurance policy provided only illusory coverage, and that the insurance company's denial of the insured's claim following a car accident was in bad faith. The policy holder appealed, arguing that the district court lacked jurisdiction and erred in holding that the policy provision at issue was not illusory. We now affirm the district court's decision.

## Background

On July 6, 1994, Pamela Schwartz and her daughter were involved in a two-car accident in which both Schwartzes sustained personal injuries and claimed damages. It was later determined that the driver of the other car, Everitt C. McMillin, was at fault. McMillin carried an insurance policy from United Southern Assurance Company ("Southern Assurance") providing liability coverage in the amount of $25,000 per person and $50,000 per occurrence—the minimum required by Indiana law. Southern Assurance offered the full amount of McMillin's policy to the Schwartzes which they accepted with the consent of their own insurer, State Farm.

At the time of the accident, the Schwartzes had an automobile insurance policy with State Farm which, along with other coverages, provided for under-insured vehicle protection in the amount of $25,000 per person and $50,000 per occurrence.[1] Because the Schwartzes claimed

damages in excess of the $50,000 they received from Southern Assurance, they filed a claim with State Farm based on the under-insured vehicle provision. The insurer rejected the claim on the grounds that McMillin's vehicle was not under-insured and that because the Schwartzes' recovery under its policy was offset by any amount it received from a liable party, and because McMillin had paid them $50,000 (the limit of the Schwartzes' coverage) the insurer owed the them nothing.

The Schwartzes sued State Farm and one of its agents, Robert E. Comte, in Indiana state court arguing that the insurer failed to settle their claim in good faith and that the under-insured provision in the policy it sold them was illusory. State Farm, an Illinois corporation, removed the action to federal court invoking diversity jurisdiction. See 28 U.S.C. § 1441. The Schwartzes, Indiana residents, then moved to remand the case to state court for lack of complete diversity because defendant Comte was also a resident of Indiana.

The district court held that because the Schwartzes did not have a cognizable cause of action against Comte, his residency could not be used to destroy federal jurisdiction. On the merits, the court granted State Farm's motion for summary judgment holding that because the under-insured provision of the Schwartzes' policy did cover certain risks, it was not illusory. Additionally, because the plaintiffs had not provided any evidence of deception beyond their claim that the provision was illusory, State Farm was not liable for bad faith regarding the policy.

The Schwartzes appealed, challenging the district court's jurisdiction and maintaining that the under-insured provision was illusory.

---

1. In addition to under-insured vehicle coverage, which protects the insured—up to its policy limits—when the liability insurance of a party found liable to the insured is insufficient to cover the damages the insured sustains, the Schwartzes also had uninsured vehicle insurance, which provides similar protection against uninsured tort-feasors. Although the coverages are similar and both are contained within the same State Farm policy, the risks each insures are distinct.

## Discussion

We review issues involving removal of an action from state to federal court de novo. *See Chase v. Shop N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir.1997). We also review de novo the award of summary judgment, construing the evidence in the light most favorable to the non-moving party. *See Drake v. Minnesota Mining & Mfg. Co.*, 134 F.3d 878, 883 (7th Cir.1998). We are, however, "not required to draw every conceivable inference from the record [in favor of the non-movant]—only those inferences that are reasonable." *Bank Leumi Le–Israel, B.M. v. Lee*, 928 F.2d 232, 236 (7th Cir. 1991). Summary judgment is appropriate "if there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *Salima v. Scherwood South, Inc.*, 38 F.3d 929, 932 (7th Cir. 1994). Under these standards, we examine each of the Schwartzes' claims.

### Jurisdiction–Fraudulent Joinder

The Schwartzes initially challenge the district court's determination that federal jurisdiction was appropriate because Comte had been fraudulently joined as a defendant. The court explained that although a plaintiff is normally free to choose its own forum, it may not join an in-state defendant solely for the purpose of defeating federal diversity jurisdiction. *Gottlieb v. Westin Hotel*, 990 F.2d 323, 327 (7th Cir.1993). Such joinder is considered fraudulent, and is therefore disregarded, if the out-of-state defendant can show there exists no "reasonable possibility that a state court would rule against the [in-state] defendant." *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir.1992). We must therefore determine whether, based on Indiana state law, there is a reasonable possibility that the Schwartzes could recover against Comte.

The plaintiffs allege that Comte denied their insurance claim in bad faith. Although such a denial is recognized as a tort under Indiana law, *see Erie Ins. Co. v. Hickman*, 622 N.E.2d 515 (Ind.1993), as the district court noted, it has been applied only to insurance companies, not to their individual employees. *See id.* at 518. The Schwartzes nonetheless argue that under Indiana's version of respondeat superior, when a tort is committed by an employee, plaintiffs have the option of suing either the employer, the individual tort-feasor or both. *United Farm Bureau Mutual Ins. Co. v. Blossom Chevrolet*, 668 N.E.2d 1289, 1291 (Ind.Ct.App.1996). Therefore, because Comte was the agent who actually denied the Schwartzes' claim, they should be allowed to recover from him as well as his employer if indeed there has been a bad faith denial of their claim.

We are not convinced. The Schwartzes have not cited a single case from any jurisdiction, let alone Indiana, which has recognized individual liability for bad faith denial of an insurance claim. Nor is it reasonable to expect that an Indiana court would break new ground in this case. First, the plaintiffs have alleged no facts indicating that Comte himself acted in bad faith beyond complying with the terms of State Farm's allegedly illusory policy. Any liability on Comte's part would therefore be derivative of his employer's. Such a result would turn traditional respondeat superior doctrine on its head. Second, it is unlikely that an Indiana court would recognize any tort duty that Comte owed to the Schwartzes. Embedded in the plaintiffs' respondeat superior argument, and the case they rely on, is the notion that the individual employee owed an independent duty to the plaintiffs.[2] But the plaintiffs

---

2. That a duty on the part of the individual tortfeasor is a pre-requisite to respondeat superior is implied in the case the plaintiffs cite. In *Blossom Chevrolet*, the employer's agent injured the plaintiff by negligently operating a motor vehicle. 668 N.E.2d at 1292. As the defendants point out, Indiana imposes a general duty on all drivers to avoid causing injuries to others. *See Allied Fidelity Ins. Co. v. Lamb*, 361 N.E.2d 174, 180 (Ind.App.1977).

can identify no such duty here. As the Indiana Supreme Court made clear when it first recognized the tort of bad faith denial of insurance claims, the duty arises from the "unique character of the insurance contract" itself. *Erie Ins. v. Hickman*, 622 N.E.2d 515, 518 (Ind.1993). A special relationship exists "between an insurer and an insured because they are in privity of contract." *Id.* Yet here, both parties admit that, as an individual, Comte is not in privity with the Schwartzes based on their insurance policy. Thus the employee did not owe a special duty to the plaintiffs on which the bad faith tort could be based. *See Troxell v. American States Ins. Co.*, 596 N.E.2d 921, 925 n. 1 (Ind. App.1992) (dismissing claims adjuster from suit against insurer based on lack of any special relationship); *Ligon Furniture Co. v. O.M. Hughes Insurance*, 551 So.2d 283, 285 (Ala.1989) (under Alabama law, defendants not parties to insurance contract could not be held liable for tort of bad faith breach); *First National Bank of Louisville v. Lustig*, 809 F.Supp. 444, 447 (same, applying Kentucky law); *Natividad v. Alexsis*, 875 S.W.2d 695, 698 (Tex.1994) (same, applying Texas law); *see also* John C. McCarthy, Punitive Damages in Bad Faith Cases, 14 (2nd ed. 1978) ("Because he is considered a stranger to the insurance contract, the employee of a defendant insurance company who is not a party to the insurance contract cannot be liable for breach of the duty of good faith and fair dealing.") Therefore, we do not believe that under Indiana law, the Schwartzes could recover against Comte individually.

This is not to say that there is no possibility that a state court would someday hold that individuals can be liable for the tort at issue. We only hold that it is not a reasonable possibility based on current Indiana law and the facts before us. *See*

*Poulos v. Naas Foods*, 959 F.2d 69, 73 (7th Cir.1992). Therefore the joinder was fraudulent,[3] and because it did not destroy federal jurisdiction, the district court's refusal to remand this case was correct. *Id.*

### Illusory Insurance Policy

■ On the merits, the plaintiffs argue that while they are not entitled to payment under the terms of the underinsured provision of their policy, they are nonetheless entitled to damages because the provision is illusory. An insurance provision is considered illusory if "a premium was paid for coverage which would not pay benefits under any reasonably expected set of circumstances." *Fidelity & Guaranty Ins. Underwriters, Inc. v. Everett I. Brown Co.*, 25 F.3d 484, 490 (7th Cir.1994). If a provision covers some risk reasonably anticipated by the parties, it is not illusory. *See City of Lawrence v. Western World Ins. Co.*, 626 N.E.2d 477, 480 (Ind.App.1993). If it does not, the illusory provision should be enforced in a way that protects the insured's reasonable expectations. *Id.* Because the under-insured provision at issue insures at least one risk, we agree with the district court that it is not illusory.

The Schwartzes' policy defines underinsured motor vehicles ("UIMV") as follows:

**Underinsured Motor Vehicle—** means a land motor vehicle:

1. the ownership, maintenance or use of which is insured or bonded for bodily injury liability at the time of the accident; and

2. whose limits of liability for bodily injury liability:

a. are less than the limits **you** carry for underinsured motor vehicle coverage under this policy; or

Thus the agent breached a duty he personally owed the plaintiff and, because it occurred within the scope of his employment, his employer was liable as well through respondeat superior. 668 N.E.2d at 1292.

**3.** As this court has explained, "fraudulent" is a term of art which, at least in the context of joinder, does not necessarily imply bad faith on the part of the plaintiff. *See Poulos*, 959 F.2d at 73.

b. have been reduced by payments to **persons** other than the **insured** to less than the limits **you** carry for underinsured motor vehicle coverage under this policy.

(Emphasis in original). Excluded from this underinsured provision is any motor vehicle which falls within the scope of the policy's separate uninsured provision. That provision, in turn, defines an uninsured vehicle as one which is insured but "the limits of liability are less than required by the financial responsibility act of the state where **your car** is mainly garaged." (Emphasis in original).

■ The Schwartzes correctly argue that they could not reasonably have recovered according to section 2a of the underinsured provision given their coverage limit. Because their limit ($25,000 per person and $50,000 per occurrence) was the same as the minimum amount of liability insurance required by all Indiana drivers under state law, all insured in-state drivers who could potentially be liable to the Schwartzes would have a liability limit the same as or more than the Schwartzes' under-insured limit. Although other states could have minimum liability limits lower than Indiana's, and the Schwartzes could potentially become the victims of their residents' negligence, the Schwartzes still could not recover under the under-insured provision because those drivers are defined as uninsured.[4]

.However, this does not mean that the entire under-insured provision is illusory, because it still covers at least one reasonably anticipated risk. Section 2b of the under-insured provision contemplates coverage in a situation where a driver found liable is unable to pay his policy limit to the insured because that amount must be divided among multiple victims. For example, if McMillin had been liable to both the Schwartzes and another driver, and had to pay half of his policy to each, the Schwartzes' under-insured provision would pay the rest (up to the limits of their policy).

The Schwartzes admit this interpretation of section 2b is the one most likely intended by the parties, yet they insist that this section excludes coverage. Their argument is that, according to its literal language, section 2b only covers situations where the liable drivers' "limits of liability ... have been reduced by payments to persons other than the insured...." Because the Schwartzes' under-insured limit is the same as the Indiana minimum for liability, any "reduction" in a driver's liability limit (that would make the new limit lower than the Schwartzes' limit) would bring that driver within the definition of uninsured and therefore exclude him from the scope of the under-insured provision. Although the Schwartzes concede that this is an unlikely reading of the policy language, they insist that any ambiguity in an insurance contract must be construed against the insurer. *See Erie Ins. Co. v. George*, 681 N.E.2d 183, 191 (Ind.1997). We cannot accept this argument. First, as the plaintiffs all but concede, their proposed reading of the provision's language makes little sense. We cannot understand how payment to others could "reduce" pre-set insurance liability limits. Second, the plaintiffs' ambiguity argument actually cuts the other way. To the extent the wording of the section is ambiguous, *see Southbend Escan Corp. v. Federal Ins. Co.*, 647 F.Supp. 962, 966 (N.D.Ind.1986) ("To constitute an ambiguity so as to be susceptible of more than one interpretation, it must be shown that reasonably intelligent men upon reading the insurance contract would honestly differ as to its meaning."), it must be interpreted not just against the insurer but in favor of cover-

---

**4.** State Farm argues that whether a risk is covered by the under-insured or the uninsured provision of the automobile policy is immaterial so long as the risk is covered. Yet the record indicates the Schwartzes paid dis-

tinct premiums for each provision. Thus each must cover some risk in order to avoid being found illusory. *See Western Reserve Mutual Casualty Co. v. Holland*, 666 N.E.2d 966, 969 (Ind.App.1996).

age. *See Indiana Ins. Co. v. North Vermillion Community School Corp.*, 665 N.E.2d 630, 635 (Ind.App.1996) ("Any ambiguity generated by the policy language is to be construed against the insurer and in favor of coverage for the insured."); *Eli Lilly & Co. v. Home Ins. Co.*, 482 N.E.2d 467, 470 (Ind.1985) (same); *National Fire and Cas. Co. v. West By and Through Norris*, 107 F.3d 531, 535 (7th Cir.1997) (same applying Indiana law). Thus if the Schwartzes were to bring a claim under section 2b seeking recovery in the hypothetical situation described above, a court would interpret its ambiguity against the insurer and in favor of coverage. Thus the risk described would almost certainly result in payment of benefits. *See Fidelity & Guaranty Ins. Underwriters, Inc. v. Everett I. Brown Co.*, 25 F.3d 484, 490 (7th Cir.1994). Because the underinsured provision covers a risk reasonably anticipated by the parties, it is not illusory,[5] and the claim was properly denied.

### Conclusion

Because the joinder of Comte did not destroy federal jurisdiction, and we agree with the district court's holding that the insurance provision at issue was not illusory, we AFFIRM judgment in favor of State Farm.

---

5. Our holding that the under-insured provision is not illusory also disposes of the Schwartzes' bad faith denial claim because the only bad faith the plaintiffs allege is that State Farm charged a premium for, and refused to pay their claim on, an illusory provision.