**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 11, 2015[*]
Decided May 11, 2015

**Before**

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 14-3685

| | |
|---|---|
| BERNARD HENNEBERGER, <br> *Plaintiff-Appellant*, | Appeal from the United States District <br> Court for the Southern District of Illinois. |
| *v.* | No. 14-cv-00920-MJR-SCW |
| TICOM GEOMATICS, INC., et al., <br> *Defendants-Appellees*. | Michael J. Reagan, <br> *Chief Judge*. |

**O R D E R**

Bernard Henneberger appeals the dismissal of his complaint for lack of personal jurisdiction. We agree with the district court that Henneberger did not make a prima facie showing of the court's personal jurisdiction over the defendants, and affirm.

Henneberger filed this breach-of-contract lawsuit in state court against his former employer, Ticom Geomatics, Inc.; Mark Leach, the president of Ticom; David Feuerstein, a manager at Ticom; and two companies with an ownership interest in Ticom—Six3

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

Systems, Inc. and CACI International, Inc. He alleged that in 1998 he began working at Ticom, which (so far as we can tell from the complaint) provides geolocation technologies to the intelligence community. As he alleged, Leach and Feuerstein promised him an equity interest or proceeds of up to $1,000,000 if the company were ever sold, but he received nothing when Ticom was sold to Six3 or later when Six3 and its subsidiary Ticom were sold to CACI.

The defendants removed the case to federal court and moved to dismiss for lack of personal jurisdiction. They submitted affidavits denying any significant activities or contacts took place in Illinois; the defendants also attached two employment agreements—a nondisclosure agreement and a compensation offer letter—purportedly signed by Henneberger in December 2002.

Henneberger, for his part, emphasized defendants' "very significant contacts" with Illinois and Ticom's once being owned by "GTCR," a Chicago-based investment firm that is not a party to the case. Henneberger also sought sanctions under Federal Rule of Civil Procedure 11, charging the defendants with forging his signature on the employment agreements in order to defraud the court.

The district court granted the defendants' motion and dismissed the case for lack of personal jurisdiction, concluding that Henneberger had failed to establish a prima facie case of personal jurisdiction. It noted that Henneberger's bald assertion that the defendants had minimum contacts with Illinois was not enough to make a prima facie case. The court denied Henneberger's motion for sanctions as moot.

In a cursory brief, Henneberger asks us to consider new evidence that he did not submit to the district court—an affidavit and news accounts about GTCR that ostensibly show that GTCR owned Ticom at one point—and argues that it demonstrates minimum contacts between the defendants and Illinois. But we will not consider this evidence for the first time on appeal. *See Ruvalcaba v. Chandler*, 416 F.3d 555, 562 n.2 (7th Cir. 2005).

The district court correctly concluded that Ticom and the other defendants had neither sufficient minimum contacts with Illinois for specific jurisdiction, nor continuous and systematic relations with Illinois as required for general jurisdiction. A federal district court sitting in diversity applies the personal jurisdiction rules of the state in which it sits, and Illinois law allows personal jurisdiction over a defendant to the extent permitted by the Due Process Clause, which authorizes personal jurisdiction over out-of-state defendants when they have sufficient minimum contacts with the forum state. *See* 735 ILCS 5/2-209(c); *Kipp v. Ski Enter. Corp. of Wis.*, No. 14-2527, 2015 WL

1692875, at *2 (7th Cir. Apr. 15, 2015). When a district court relies solely on written materials to rule on a defendant's motion to dismiss for lack of personal jurisdiction, a plaintiff bears the burden of establishing a prima facie case of personal jurisdiction. *See Kipp*, 2015 WL 1692875, at *2. Henneberger failed to do so. He merely asserted in his pleadings that the defendants had minimum contacts with Illinois, but offered no evidence to support this contention; this is insufficient in light of the defendants' affidavits. *See Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782–83 (7th Cir. 2003).

In a motion, Henneberger also asks us to forward the record in this case to the United States Attorney so that the government may investigate the defendants' purported forgery and perjury relating to the filing of documents with Henneberger's forged signature. The motion is denied.

AFFIRMED.