NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Argued February 23, 2017
Decided August 9, 2017

Before

RICHARD A. POSNER, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

| | |
|---|---|
| No. 16-3290 | Appeal from the United States District Court for the Southern District of Illinois. |
| BERNARD HENNEBERGER, *Plaintiff-Appellant,* | |
| *v.* | No. 16-cv-0138-MJR-PMF |
| TICOM GEOMATICS, INC., *et al.,* *Defendants-Appellees.* | Michael J. Reagan, *Chief Judge*. |

**Order**

Bernard Henneberger contends that Ticom Geomatics promised to reward him handsomely, for his work improving Ticom's intellectual property, should Ticom be acquired by another firm. Ticom was acquired by Six3 Systems in 2012 but has refused to pay Henneberger a bonus; it contends that no such promise was ever made to him.

In 2014 Henneberger filed suit in a state court of Illinois. He demanded $10 million from Ticom, Mark Leach (Ticom's president), David Feuerstein (one of Ticom's managers), and CACI International (which in 2013 purchased Six3 and its subsidiary Ticom). Defendants removed the suit to federal court under the diversity jurisdiction, and the

district court found that it lacked personal jurisdiction over any of the defendants. Ticom is incorporated in Texas and has its principal place of business in Virginia; Leach and Feuerstein live and work for Ticom in Texas; Six3 is a Delaware corporation with its principal place of business in Virginia; CACI is a Delaware corporation with its principal place of business in Virginia; and Henneberger himself was working for Ticom in Texas when the asserted promise was made. The judge observed that the suit's sole connection with Illinois is that Henneberger now lives there, while personal jurisdiction depends on the activities of the defendants rather than those of a mobile plaintiff. *Walden v. Fiore*, 134 S. Ct. 1115 (2014). We affirmed. *Henneberger v. Ticom Geomatics, Inc.*, No. 14-3685 (7th Cir. May 11, 2015) (nonprecedential decision).

Henneberger could have followed up by suing Ticom in Texas or Virginia. Instead he sued again in Illinois, perhaps hoping that the state judges would disregard the preclusive effect of the federal judiciary's decisions. Seeking to ensure that the suit stayed in state court this time, Henneberger added GTCR, LLC, to the list of defendants. GTCR, a private-capital firm based in Illinois, had an indirect ownership interest in Six3 until that firm was sold to CACI in 2013. Defendants removed the suit nonetheless, asserting that GTCR had been fraudulently joined in an effort to prevent removal. See, e.g., *Schwartz v. State Farm Mutual Automobile Insurance Co.*, 174 F.3d 875, 878 (7th Cir. 1999), and *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992), which discuss the standards for finding fraudulent joinder.

The district court agreed with defendants' position, stating that any claim against GTCR is frivolous. After denying Henneberger's motion to remand, the district court dismissed the suit on the same jurisdictional grounds it had given (and we had affirmed) earlier.

The district judge's second decision is as sound as its first one. GTCR has nothing to do with the events of which Henneberger complains—it neither made the asserted promise to Henneberger nor owned Ticom when the promise supposedly was made, and by the time of the litigation GTCR did not have even an indirect interest in Six3, let alone control of Ticom. It has no place in this litigation. Even if it did, still the suit could not proceed in Illinois. GTCR would be entitled to insist that the other defendants bear the responsibility and must be joined, which would require the suit's dismissal because they cannot be sued in Illinois. See Fed. R. Civ. P. 19(b). Henneberger invokes doctrines of corporate veil-piercing in an effort to implicate GTCR but does not contend that Ticom is an empty shell. Adequately capitalized firms, not their investors, are liable for their own debts. Because Ticom is incorporated in Texas, that state's law supplies the rules for investor liability, yet Henneberger does not even *mention* Texas law, let alone

contend that some unusual doctrine of its law exposes an indirect investor such as GTCR to a risk of liability for a (temporary) subsidiary's asserted promise.

Henneberger asks us to disregard the outcome of his first suit on the ground that (he asserts) defendants submitted a fake document to the court. But Henneberger does not grapple with the venerable principle that a litigant who believes that a judge was deceived must return to that judge with a request that the judgment be reopened; he cannot simply file a new suit and ask the second court to disregard the first's decision. See *Fuhrman v. Livaditis*, 611 F.2d 203, 204–05 (7th Cir. 1979); *Harris Trust & Savings Bank v. Ellis*, 810 F.2d 700, 705–06 (7th Cir. 1987).

Henneberger should count himself lucky that defendants have not asked for sanctions. He cannot expect to avoid penalties if he continues his doomed attempt to litigate this claim in Illinois.

AFFIRMED