Lois Bray **VERA CRUZ**, and **Russell E. Sutton**

v.

**CHESAPEAKE & OHIO RAILWAY COMPANY**, and **Erie Railroad Company.**

Civ. No. 2661.

United States District Court
N. D. Indiana,
Hammond Division.

April 4, 1961.

Saul I. Ruman (of Sachs, Ruman & Tanasijevich), Hammond, Ind., for plaintiffs.

Russell J. Wildman (of Cole, Wildman & Cole), Peru, Ind., for Chesapeake & Ohio R. Co.

Stanley Tweedle (of Lawyer, Friedrich, Petrie & Tweedle), Hammond, Ind., for Erie R. Co.

SWYGERT, Chief Judge.

■ The Indiana Wrongful Death Act (Burns' Ind.Stats.Anno. § 2–404) and the Indiana statute allowing recovery by a parent for the loss of services of a child (Burns' Ind.Stats.Anno. § 2–217) create independent and mutually exclusive actions. They neither afford optionally alternative remedies nor are they actions that can be pursued together. Mayhew v. Burns, 1885, 103 Ind. 328, 2 N.E. 793; Hahn v. Moore, 1956, 127 Ind. App. 149, 133 N.E.2d 900, 904; Note, Wrongful Death Actions in Indiana, 34 Ind.L.J. 108.

■ In the case at bar the action has been brought by the father of the deceased child under the provisions of § 2–217. Perforce, there can be no recovery for dependent next of kin under the provisions of § 2–404. Only those elements of damages under § 2–217 can be considered. Those elements, as stated in the Hahn case, are as follows:

> "Appellants' brief quotes, in effect, the rule that the measure of damages in a case of this kind is the value of the child's services from the time of death until he would have attained his majority, taken in con-

nection with his prospects in life less the cost of his support and maintenance during that period, including board, clothing, schooling and medical attention. To this may be added, in proper cases, the expenses of care and attention to the child, made necessary by the injury, funeral expenses and medical services. * * * Appellants also add that the jury may consider the condition of the decedent's family and the pecuniary value of all acts of kindness and attention which the deceased child might reasonably be anticipated to render until its majority. But that the parent has been deprived of the happiness, comfort, and society of the child or has incurred physical or mental suffering or pain by reason of loss of the child, may not be considered by the jury. We find no reason to question appellants' statement as to the measure of damages and the matters which may and may not be considered by the jury."

When the foregoing rule on the measure of damages is applied to the undisputed facts shown on the motion there is no question that the amount of possible recoverable damages is far short of $10,-000, the requisite jurisdictional amount.

 Plaintiff contends, however, that the amount of recovery should not be limited to the loss of services from the date of death until the child has reached his majority, but that the award should be based also on the amount of benefits the parents might reasonably have expected from the child after his majority. He cites in support of his con-

tention cases from a number of jurisdictions that permit such recovery. See Annotation 14 A.L.R. 506. Included, is a recent Michigan case, Thompson v. Ogemaw County Board, 357 Mich. 482, 98 N.W.2d 620. It should be noted, parenthetically, that the accident in the instant case happened in Indiana; therefore the law of Indiana, rather than that of Michigan, where plaintiff resides, governs. Zirkelbach v. Decatur Cartage Co., D.C.N.D.Ind. 1934, 119 F.Supp. 753. While it seems that Indiana appellate courts have not directly passed on the question whether expected benefits beyond majority can be considered, they have stated many times that the damages in cases where the parent sues for the wrongful death of a child are to be measured by the value of the lost services of the child during his minority less any amounts for support and maintenance. Thompson v. Town of Ft. Branch, 1931, 204 Ind. 152, 178 N.E. 440, 82 A.L.R. 1413; Southern Indiana R. Co. v. Moore, 1904, 34 Ind.App. 154, 72 N.E. 479; Elliott v. Kraus, 1930, 92 Ind.App. 494, 172 N.E. 783; Clevenger v. Kern, 1935, 100 Ind.App. 581, 197 N.E. 731. Hahn v. Moore, supra. Since Indiana has not expanded the measure of damages by adopting the rule laid down in what appears to be a majority of the states, the Erie doctrine prevents this court from making such an expansion.

The undisputed facts as submitted on the motion to dismiss and the applicable legal principles, as I view them, compel the granting of the motion. Herrick v. Sayler, 7 Cir., 1957, 245 F.2d 171; Brown v. Bodak, D.C.S.D.N.Y.1960, 188 F.Supp. 532.