**Paul E. WOLF, In his capacity as Personal Representative of the Estate of Robert Wolf, Deceased, Appellant–Plaintiff,**

v.

**William E. BOREN, Appellee–Defendant.**

No. 55A05–9701–CV–3.

Court of Appeals of Indiana.

Sept. 4, 1997.

Transfer Denied Aug. 14, 1998.

Marilyn A. Moores, Cohen & Malad, P.C., Indianapolis, for Appellant–Plaintiff.

Linda Y. Hammel, Yarling, Robinson, Hammel & Lamb, Indianapolis, for Appellee–Defendant.

OPINION

DARDEN, Judge.

*STATEMENT OF THE CASE*

Paul Wolf, in his capacity as personal representative of the estate of Robert Wolf, deceased, appeals the trial court's grant of partial summary judgment in favor of William Boren. We affirm.

## ISSUE

Whether the deceased's parents and adult siblings are "dependant next of kin" within Indiana's Wrongful Death Statute, Indiana Code 34–1–1–2.

## FACTS

On November 23, 1993, 44-year-old Robert Wolf was killed in an automobile accident caused by William Boren. Robert, who had never been married and had no children, was survived by his parents and three adult siblings. Robert's father, Paul Wolf, was appointed personal representative of Robert's estate. On May 22, 1995, Paul, in his capacity as personal representative, filed a wrongful death action against Boren seeking compensation for funeral and burial expenses, legal expenses, and pecuniary losses suffered by Robert's dependent next of kin. The pecuniary loss to which the complaint referred was a vacation home which Robert owned on Lake Monroe. Robert's family was financially unable to maintain the home following Robert's death, and subsequently sold it.

On May 1, 1996, Boren filed a motion for partial summary judgment "in regard to [Wolf's] claims for damages on behalf of decedent's alleged dependent next of kin." (R. 36). Specifically, Boren alleged that Robert's parents and siblings were not dependent next of kin within Indiana's Wrongful Death Statute. The trial court granted Boren's motion in an order which provides in pertinent part as follows:

> The decedent had no dependent spouse or children and was survived only by next of kin. There is no evidence to indicate that any of the next of kin of the decedent were, in fact, "dependent" upon the decedent, within the meaning and parameters of Indiana Code 34–1–1–2. Under I.C. 34–1–1–2, the Plaintiff is therefore entitled, as a matter of law, to present a claim for recovery from the Defendant for only the following: reasonable medical, hospital, funeral and burial expenses of the decedent; costs and expenses of the administration of the decedent's estate, to include attorney fees of administration.

(R. 83). Thereafter, the trial court entered final judgment on Boren's motion pursuant to Ind.Trial Rule 54(B). It is from this order that Wolf appeals.

## DECISION

■■■ Summary judgment is appropriate if the "designated evidentiary material shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Ind.Trial Rule 56(C). On appeal, we are bound by the same standard as the trial court, and we consider only those matters which were designated at the summary judgment stage. *Hermann v. Yater*, 631 N.E.2d 511, 514 (Ind.Ct.App.1994), *reh'g denied.* The party that lost in the trial court has the burden to persuade the appellate court that the trial court erred. *Id.* On appeal, a trial court's grant of summary judgment is "clothed with a presumption of validity." *Department of Revenue v. Caylor–Nickel Clinic*, 587 N.E.2d 1311, 1312–13 (Ind.1992).

Ind.Code 34–1–1–2 provides in pertinent part as follows:

> When the death of one is caused by the wrongful act or omission of another, the action shall be commenced by the personal representative of the decedent within two (2) years, and the damages shall be in such an amount as may be determined by the court or jury, including, but not limited to, reasonable medical, hospital, funeral and burial expenses, and lost earnings of such deceased person resulting from said wrongful act or omission. That part of the damages which is recovered for reasonable medical, hospital, funeral and burial expense shall inure to the exclusive benefit of the decedent's estate for the payment thereof. The remainder of the damages, if any, shall subject to the provisions of this article, inure to the exclusive benefit of the widow or widower, as the case may be, and to the dependent children, if any, or dependent next of kin, to be distributed in the same manner as the personal property of the deceased.

■■■ The right to maintain an action for wrongful death arises from the statute and did not exist at common law. *Southlake*

*Limousine and Coach, Inc. v. Brock,* 578 N.E.2d 677, 679 (Ind.Ct.App.1991), *trans. denied.* Because wrongful death actions are in derogation of common law, the statute creating this right of action must be strictly construed. *Id.* Therefore, only those damages prescribed by statute may be recovered. *Id.*

Our supreme court set a standard for dependency within the meaning of the wrongful death statute in *New York Central Railroad Co. v. Johnson,* 234 Ind. 457, 127 N.E.2d 603 (1955). Specifically, the court stated that "proof of dependency must show a need or necessity of support on the part of the person alleged to be dependent ... coupled with the contribution to such support by the deceased." *Id.* at 607.

 Paul appears to contend that Robert's parents and adult siblings are "dependent next of kin" within the meaning of the statute because they have shown that they needed Robert's financial support to maintain the vacation home, which "served as a retreat for weekends, holidays, and vacations." Paul's Brief, p. 3. According to Paul, "but for [Boren's] criminal actions which caused Robert's death, his family would still enjoy the use of their family home on Lake Monroe." Paul's Brief, p. 4.

Our review of the record reveals that the vacation home on Lake Monroe belonged to Robert, not to the entire family. It appears that Robert generously opened the house to his family for holidays and vacations. However, "mere gifts, donations or acts of generosity standing alone are not sufficient to establish dependency on the part of the recipient." *Johnson,* at 607. This court has further noted that:

> Dependency is based on a condition and not a promise, and such dependency must be actual, amounting to a necessitous want on the part of the beneficiary and a recognition of that necessity on the part of decedent, an actual dependence coupled with a reasonable expectation of support or with some reasonable claim to support from decedent. The mere fact that deceased occasionally contributed to the support of the beneficiary in an irregular way, is not sufficient to support the action....

*Kirkpatrick v. Bowyer,* 131 Ind.App. 86, 169 N.E.2d 409, 412 (1960) (quoting 25 C.J.S. Death § 33, p. 1108).

In a general sense, Robert's family was depending upon Robert to provide his vacation home as a family retreat for weekends, holidays and vacations. However, to find upon these facts that Robert's parents and adult siblings were "dependent next of kin" within the meaning of I.C. 34-1-1-2 would be to extend the coverage of the statute beyond what is contemplated by either the legislature or the courts which have interpreted the statute. *See, Mehler v. Bennett,* 581 F.Supp. 645, 648 (S.D.Ind.1984).

Affirmed.

SHARPNACK, C.J., and CHEZEM, J., concur.