**Mark J. PELO and Kathleen A. Pelo, Appellants (Plaintiffs below),**

v.

**FRANKLIN COLLEGE OF INDIANA, Appellee (Defendant below).**

No. 43S03–9903–CV–167.

Supreme Court of Indiana.

Aug. 13, 1999.

Michael L. Valentine, William S. Fawley, Warsaw, Indiana, Attorneys for Appellants.

Tom F. Hirschauer, Logansport, Indiana, Attorney for Appellee.

**ON PETITION TO TRANSFER**

BOEHM, Justice.

This case deals with ability of a plaintiff who releases one tortfeasor to pursue others who are potentially liable for the same injury. We hold today, as we did in *Huffman v. Monroe County Community Sch. Corp.*, 588 N.E.2d 1264 (Ind.1992), that a release agreement is to be construed as a contract. Accordingly, if the parties to the agreement intended to release only one of multiple potentially liable parties, the release does not operate to release all who are potentially liable.

Mark Pelo was injured in a collision with a car driven by Tonya Lee, allegedly acting in the scope of her employment for Franklin College. On January 19, 1996, Pelo and his wife entered into a settlement agreement and release with Lee's personal automobile liability insurer. The release, by its terms did not release the Pelos' claims against Lee's employer, Franklin. The Pelos then sued Franklin for damages based on its derivative liability for Lee's actions under respondeat superior. Franklin moved for summary judgment arguing that the Pelos' release of Lee operated as a release of Franklin. The trial court, following *United Farm Bureau Mut. Ins. Co. v. Blossom Chevrolet*, 668 N.E.2d 1289 (Ind.Ct.App.1996), granted summary judgment in favor of Franklin.

---

The Pelos appealed raising several issues, all of which turn on the Pelos' contention that *Blossom Chevrolet* was incorrectly decided in light of *Huffman.* The Court of Appeals affirmed the grant of summary judgment, holding that *Blossom Chevrolet* controlled and that "once the servant has been discharged from liability, there is no negligence which can be imputed to the master." *Pelo v. Franklin College,* No. 43A03–9803–CV–146, slip op. at 3, 700 N.E.2d 1197 (Ind.Ct. App. Aug. 27, 1998)(unpublished memorandum decision).

In *Huffman,* this Court abrogated the common law release rule [1] and declared that "from this point forward, release documents shall be interpreted in the same manner as any other contract document," with the intent of the parties governing their construction and effect. 588 N.E.2d at 1267. We agreed with the Restatement and a substantial majority of other states, that "[a] valid release of one tortfeasor from liability for harm, given by the injured person, does not discharge others liable for the same harm, unless it is agreed that it will discharge them." *See* RESTATEMENT (SECOND) OF TORTS § 885(1) (1979).

In *Blossom Chevrolet,* the Court of Appeals noted that *Huffman* applied to releases of joint tortfeasors but held that a release of a servant nonetheless released the master as a matter of law. More generally, *Blossom Chevrolet* took the view that if a party's liability is solely derivative of a second party's liability, a release of the latter terminated the liability of the former as a matter of law. 668 N.E.2d at 1293. We disagree. Although *Huffman* dealt with joint tortfeasors, the decision does not purport to limit its holding to cases of joint liability. We perceive no valid reason to disregard the intent of parties to a release regardless of the theory under which multiple potentially liable parties may be pursued. Most other jurisdictions agree. *See* Vitauts M. Gulbis, Annotation, *Release of, or Covenant not to Sue, One Primarily Liable for Tort, but Expressly Reserving Rights Against One Secondarily Liable, as Bar to Recovery Against Latter,* 24 A.L.R. 4th 547, 1983 WL 190954 (1981) (dealing specifically with this rule in the context of derivative or secondary liability).

The primary mischief in the *Blossom Chevrolet* rule is that it sets a trap for those litigants who are unaware of the exception for cases based on derivative liability, notwithstanding the general rule announced in *Huffman* that a release will operate as the parties intended. The law is not a game where the litigant with the lawyer who happens to know all the traps wins. To the extent possible rules of law should produce results consistent with the expectations of ordinary citizens. Surely most people, like the Pelos, would be surprised to discover that the Pelos' release did not mean what it said when it purported to preserve their claim against Franklin. Accordingly, when parties sign an agreement releasing one defendant with the clearly expressed expectation that they will be able to proceed against others, that expectation should be given effect by the courts. To the extent the Court of Appeals decision in *Blossom Chevrolet* holds otherwise, it is disapproved.

The *Blossom Chevrolet* rule also has disadvantages for those who are aware of it. If the law is as declared in *Blossom Chevrolet,* a knowledgeable plaintiff simply cannot afford to settle piecemeal even if, as may well be the case here, one potential defendant is willing to contribute the full amount of his or her available resources—typically policy limits. If so, this simply forces a party to remain in a lawsuit and increases transactional costs to the benefit only of lawyers. Whether the insurance policy reduces policy limits by defense costs or not, either the insurer or the insured incurs additional and unnecessary costs that ultimately add to the overall cost of resolving these disputes. In short, honoring release agreements according to their terms will facilitate settlements.

Honoring the intent behind a valid release agreement does not prejudice the party who was not released. It will go on to defend the suit or negotiate for its own settlement just

---

1. Until *Huffman,* a release of one tortfeasor operated as a release of all, regardless of the parties' intent. *See, e.g., Consolidated Rail Corp. v. Travelers Ins. Cos.,* 466 N.E.2d 709 (Ind.1984); *Bedwell v. DeBolt,* 221 Ind. 600, 50 N.E.2d 875 (1943).

as it would have if the other potentially liable party had not been released or had never been sued. Moreover, the remaining party will be entitled to a credit for the amounts paid by released parties for the same injury. *See Huffman,* 588 N.E.2d at 1267 (trial court has the power and the duty to reduce jury verdicts by amounts received in settlement from others potentially liable to ensure that a plaintiff will not receive more than a full recovery).

In this case, the intent of the parties could not have been more clear. The agreement specifically stated that "[t]his release does not release the employer of Tonya Lee (at the time of the accident) believed to be Franklin College in Franklin, Indiana." Accordingly, the agreement does not release Franklin and Franklin's motion for summary judgment should have been be denied.

The trial court's grant of summary judgment for Franklin College is reversed. This case is remanded for proceedings not inconsistent with this opinion.

SHEPARD, C.J., and DICKSON, SULLIVAN and SELBY, JJ., concur.