**The ESTATE OF Evan SEARS, by and through his Administratrix, Marci SEARS and Elizabeth Sears by and through her next best friend, Marci Sears, Appellants–Plaintiffs,**

v.

**Patricia GRIFFIN, Appellee–Defendant.**

No. 71A05–0012–CV–550.

Court of Appeals of Indiana.

July 24, 2001.

Michael D. Cortson, Mishawaka, IN, Attorney for Appellant.

Robert J. Palmer, Brad Varner, May, Oberfell & Lorber, South Bend, IN, Attorneys for Appellee.

## OPINION

BAILEY, Judge.

### Case Summary

The Estate of Evan Sears ("the Estate"), by his administratrix, Marci Sears a/k/a Martha Sears ("Marci"), and Elizabeth Sears ("Elizabeth"), by her next friend Marci, appeal an adverse order of summary judgment upon their wrongful death and survival damages claims against Patricia Griffin ("Griffin"). We affirm in part, reverse in part and remand.

### Issue

A single issue is presented for review, which we restate as follows: whether the trial court properly granted summary judgment in favor of Griffin.

### Facts and Procedural History

On August 2, 1999, eighteen-year-old Evan Sears ("Evan") was working in the roadway near the intersection of Pleasant Street and Ironwood Drive in South Bend,

Indiana, when a vehicle driven by Griffin struck him. Eight hours later, Evan died as a result of injuries sustained in the collision.

On January 26, 2000, Evan's parents, Marci and David Sears, executed a release as follows:

> For the sole consideration of Fifty thousand dollars and no cents Dollars, [sic] the receipt and sufficiency whereof is hereby acknowledged, the undersigned hereby releases and forever discharges Patricia Griffin, Patricia Griffin [sic] heirs, executors, administrators, agents and assigns, and all other persons, firms or corporations liable or, who might be claimed to be liable, none of whom admits any liability to the undersigned but all expressly deny any liability, from any and all claims, demands, damages, actions, causes of action or suits of any kind or nature whatsoever, and particularly on account of all injuries, known and unknown, both to person and property, which have resulted or may in the future develop from an accident which occurred on or about the second day of August, 1999 at or near Pleasant Rd. East of Ironwood St.
>
> This release expressly reserves all rights of the parties released to pursue their legal remedies, if any, against the undersigned, their heirs, executors, agents and assigns.
>
> Undersigned hereby declares that the terms of this settlement have been completely read and are fully understood and voluntarily accepted for the purpose of making a full and final compromise adjustment and settlement of any and all claims, disputed or otherwise, on account of the injuries and damages above mentioned, and for the express purpose of precluding forever any further or additional claims arising out of the aforesaid accident.

> Undersigned hereby accepts draft or drafts as final payment of the consideration set forth above.

(R. 30.) On May 8, 2000, Marci, as administratrix of the Estate and as the next friend of her daughter Elizabeth, filed a complaint for survival damages on behalf of the Estate and for wrongful death damages on behalf of Elizabeth and the Estate. On June 23, 2000, Griffin moved to dismiss the complaint for failure to state a claim upon which relief could be granted, pursuant to Indiana Trial Rule 12(B)(6). She attached an affidavit and a copy of a release.

A hearing was held on September 6, 2000. At its conclusion, the trial court granted Griffin's motion to dismiss. (R. 43.) The Estate filed a motion to reconsider, and a second hearing was held on September 18, 2000. Subsequent to denial of the motion to reconsider, this appeal ensued.

### Discussion and Decision

#### A. Standard of Review

Griffin moved to dismiss the complaint of the Estate and Elizabeth pursuant to Indiana Trial Rule 12(B)(6), which provides for dismissal of a complaint that fails to state a claim upon which relief can be granted. However, she attached a copy of the release of David and Martha Sears and the Affidavit of David Bormann, Claims Superintendent for State Farm Mutual Automobile Insurance Company. Indiana Trial Rule 12(B) provides in pertinent part:

> If, on a motion, asserting the defense number (6), to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judg-

ment and disposed of as provided in Rule 56.

The trial court did not exclude the affidavit and release. Thus, Griffin's motion for dismissal was effectively a motion for summary judgment.[1]

When reviewing the grant or denial of summary judgment, we employ the same standard used by the trial court. *Crossno v. State*, 726 N.E.2d 375, 378 (Ind.Ct.App. 2000). Summary judgment is appropriate only when the evidentiary matter designated by the parties shows that there are no genuine issues as to any material fact and that the moving party is entitled to judgment as a matter of law. Indiana Trial Rule 56(C). A genuine issue of material fact exists when facts concerning an issue that would dispose of the litigation are in dispute or when the undisputed facts are able to support conflicting inferences on such an issue. *Miles v. Christensen*, 724 N.E.2d 643, 645 (Ind.Ct.App.2000), *trans. denied.*

The moving party bears the burden of showing the absence of a factual issue and her entitlement to judgment as a matter of law. *Colen v. Pride Vending Service*, 654 N.E.2d 1159, 1162 (Ind.Ct.App.1995), *trans. denied.* When the defendant makes a motion for summary judgment supported by materials contemplated by Indiana Trial Rule 56, the plaintiff may not rest on her pleadings, but must set forth specific facts controverting the claim for summary judgment, using supporting materials contemplated by the rule. *Id.* at 1162–63. If the opposing party fails to meet this burden, summary judgment may be granted. *Id.* In negligence cases, summary judgment is rarely appropriate. *Id.* However, a defendant is entitled to judgment as a

matter of law when the undisputed material facts negate at least one element of the plaintiff's claim. *Colen*, 654 N.E.2d at 1162.

A trial court's grant of summary judgment is clothed with a presumption of validity on appeal, and the appellant bears the burden of demonstrating that the trial court erred. *Crossno*, 726 N.E.2d at 378. Nevertheless, the record must be carefully scrutinized to ensure that the plaintiff was not improperly denied a day in court. *Id.* Moreover, if the record discloses an incorrect application of the law to the facts, we must reverse a grant of summary judgment. *In re Estate of Weitzman*, 724 N.E.2d 1120, 1122 (Ind.Ct.App.2000).

### B. Analysis

Griffin claims entitlement to summary judgment because Evan's parents released "all their rights to pursue legal remedies against Griffin," (R. 30.), in exchange for the sum of $50,000.00, the limits of Griffin's automobile insurance policy. She contends that the parents thereby elected their remedy for Evan's death and are precluded from pursuing, as beneficiaries of the Estate, a double recovery.

The election of remedies doctrine is intended to prevent excessive and repetitive litigation. *Hoover v. Hearth & Home Design Center, Inc.*, 654 N.E.2d 744, 745 (Ind.1995). This doctrine requires that a party who has two co-existing but inconsistent remedies and elects to pursue one remedy to a conclusion may not sue on the other remedy, thereby preventing double recovery. *Cahoon v. Cummings*, 734 N.E.2d 535, 542–3 (Ind.2000). Nevertheless, it is inapplicable here, as the Estate and Evan's parents are separate entities.

---

1. Although the trial court specifically granted Griffin's motion to dismiss and did not purport to enter summary judgment, we must nevertheless treat the former as a motion for summary judgment on review. *See New Albany–Floyd County Educ. Ass'n. v. Ammerman*, 724 N.E.2d 251, 255 n. 7 (Ind.Ct.App.2000).

■ A release is a contract. *Pelo v. Franklin College of Indiana,* 715 N.E.2d 365 (Ind.1999). In construing a release, as any other contract, we give effect to the intent of the parties as expressed therein. *Id.* The release and affidavit disclose that Evan's parents accepted $50,000.00 from State Farm Insurance Companies, and affixed their signatures /s/ Martha A. Sears and /s/ David H. Sears. Thus, the parents executed the release in their individual capacities. They expressly released "all rights to pursue their legal remedies." (R. 30.)

■ The legal remedies potentially available to Evan's parents included a common law claim for the loss of Evan's services from his injury until his death, *Forte v. Connerwood Healthcare, Inc.,* 745 N.E.2d 796, 802–3 (Ind.2001) and an action under the Child Wrongful Death Statute, Indiana Code section 34–23–2–1,[2] which provides in pertinent part:

(a) As used in this section, "child" means an unmarried individual without dependents who is:

(1) less than twenty (20) years of age; or

(2) less than twenty-three (23) years of age and is enrolled in an institution of higher education or in a vocational school or program.

(b) An action may be maintained under this section against the person whose wrongful act or omission caused the injury or death of a child. The action may be maintained by:

(1) the father and mother jointly, or either of them by naming the other parent as a codefendant to answer as to his or her interest[.] . . .

(e) In an action to recover for the death of a child, the plaintiff may recover damages:

(1) for the loss of the child's services;

(2) for the loss of the child's love and companionship; and

(3) to pay the expenses of:

(A) health care and hospitalization necessitated by the wrongful act or omission that caused the child's death;

(B) the child's funeral and burial;

(C) the reasonable expense of psychiatric and psychological counseling incurred by a surviving parent or minor sibling of the child that is required because of the death of the child;

(D) uninsured debts of the child, including debts for which a parent is obligated on behalf of the child; and

(E) the administration of the child's estate, including reasonable attorney's fees.

Thus, all claims like these available to the parents in their individual capacities are foreclosed by the release. In contrast, a parent could not, in his or her individual capacity, bring a wrongful death action under the Indiana Wrongful Death Statute, Indiana Code section 34–23–1–1, which provides in pertinent part: "When the death of one is caused by the wrongful act or omission of another, the *personal representative* of the former may maintain an action." (emphasis added). A plaintiff who is not the decedent's personal representative has no legal basis to bring a wrongful death claim under that statute, and prosecution of the action by the personal representative within the two-year

---

**2.** At the time of Evan's death, Indiana Code section 34–23–1–2, effective January 1, 2000, governing wrongful death actions when the decedent is an unmarried adult person without dependents, was not yet enacted.

statutory period is a condition precedent to the existence of the wrongful death action. *Hosler ex rel. Hosler v. Caterpillar, Inc.*, 710 N.E.2d 193, 196–97 (Ind.Ct.App.1999), *trans. denied.* As a corollary, only the personal representative having the right to pursue a wrongful death claim can release that right.

■ The personal representative of Evan's estate brought the instant claim. While omitting any reference to a specific statute, the complaint includes factual allegations to potentially support claims under the Indiana Survival Statute, Indiana Code section 34-9-3-4 and the Indiana Wrongful Death Statute, Indiana Code section 34-23-1-1. First, the complaint sought damages for the pain and suffering Evan endured during the eight hours before he died. Indiana Code section 34-9-3-4 provides:

(a) This section applies when a person:

  (1) receives personal injuries caused by the wrongful act or omission of another; and

  (2) subsequently dies from causes other than those personal injuries.

(b) The personal representative of the decedent who was injured may maintain an action against the wrongdoer to recover all damages resulting before the date of death from those injuries that the decedent would have been entitled to recover had the decedent lived. The damages inure to the exclusive benefit of the decedent's estate.

■ The allegations of the Estate's complaint included the following:

The defendant recklessly and with a wanton disregard for the safety of others, drove her vehicle across the double yellow dividing line and into Evan Sears causing her vehicle to collide with Evan Sears causing severe physical injuries which ultimately caused his death. As a

proximate cause of the collision, Evan Sears was struck and experienced pain, suffering and eight hours following the collision was killed.

(R. 6.) In reviewing a grant of summary judgment, we consider the facts and inferences in a light most favorable to the non-moving party. *Gehbauer v. Emas, Inc.*, 679 N.E.2d 1374, 1375 (Ind.Ct.App.1997), *trans. denied.* Therefore, we assume that Evan endured pain and suffering for eight hours as a result of the conduct of Griffin. Nevertheless, the Estate alleges no cause of Evan's pain and suffering other than the cause of his death, thereby precluding recovery under Indiana Code section 34-9-3-4. Indiana Code section 34-9-3-4 is applicable only where the person subsequently dies from causes other than those personal injuries for which compensation is sought. Generally, a party may plead and pursue inconsistent or mutually exclusive theories; however, the Survival Statute precludes recovery on both a wrongful death claim and a survival claim. *Cahoon*, 734 N.E.2d at 542–43. "[I]f it is clear that the decedent's death was caused by the defendant's actions, only damages for wrongful death, and not those for a survival action, could be shown." *Id.* at 543. Personal injury claims do not survive death unless the death is occasioned by causes other than those alleged as the basis for the personal injury claim. *Id.* at 544. It is undisputed that Evan died from the injuries received when the vehicle driven by Griffin struck him. Accordingly, Griffin is entitled to summary judgment on the Estate's claim under the Survival Statute.

■ Second, the complaint sought reimbursement to the Estate for the costs of burial and funeral service, medical bills, property damage, administrative costs and attorney fees. In addition, the complaint also sought damages on behalf of Eliza-

beth, alleged to be Evan's dependent next-of-kin, for emotional distress and loss of services, support and companionship. The Wrongful Death Statute, Indiana Code section 34–23–1–1 provides:

When the death of one is caused by the wrongful act or omission of another, the personal representative of the former may maintain , an action therefore against the latter, if the former might have maintained an action had he or she, as the case may be, lived, against the latter for an injury for the same act or omission.... [T]he damages shall be in such an amount as may be determined by the court or jury, including, but not limited to, reasonable medical, hospital, funeral and burial expenses, and lost earnings of such deceased person resulting from said wrongful act or omission. That part of the damages which is recovered for reasonable medical, hospital, funeral and burial expense shall inure to the exclusive benefit of the decedent's estate for the payment thereof. The remainder of the damages, if any, shall, subject to the provisions of this article, inure to the exclusive benefit of the widow or widower, as the case may be, and to the dependent children, if any, or dependent next of kin[.]

The foregoing statute provides for recovery by three different classes: (1) spouse or dependent children; (2) dependent next of kin; and (3) service providers. *Necessary v. Inter–State Towing*, 697 N.E.2d 73, 76 (Ind.Ct.App.1998), *trans. denied.* Damages may include, but are not limited to, reasonable medical, hospital, funeral and burial expenses, lost earnings and the costs of bringing the wrongful death action, including attorney fees. *Id.* Only the first and second classes may recover damages resulting from lost earnings and from the non-pecuniary loss of love, care and affection. *Id.*

With respect to services provided, the Estate alleged: "[Evan's] estate has incurred costs for burial and funeral service, medical bills, property damage, administrative costs and attorneys fees for the administration of the estate and prosecuting this claim." (R. 6.) In response, Griffin has designated the Release and Affidavit, disclosing that Evan's parents received $50,000.00. Griffin argues that the Parents received those funds to pay Estate expenses.

However, the funds received by Evan's parents are not distinguishable from general damages. There is no specific designation in the release such that the parents were obligated to use any portion of the funds for burial, medical, legal or administrative costs. Moreover, there is no obligation on the part of the parents to indemnify Griffin or her insurer against future claims of the Estate. Thus, the parents' receipt of $50,000.00 is not probative of whether the Estate incurred unreimbursed expenses because of Evan's death. Griffin failed to put forward evidence sufficient either to establish the elements of her defense of payment or to negate an essential element of the Estate's claim. Accordingly, Griffin was not entitled to summary judgment on the Estate's claim for reimbursement of expenses.

The Estate further alleged that Evan was survived by dependent next of kin and therefore sought dependency damages:

"Evan Sears was the sister [sic] and next of kin of ELIZABETH SEARS who was dependent on EVAN SEARS for love, affection, support, transportation, comfort, counseling, and guidance.... As a proximate result of the defendant's actions and omissions the plaintiff ELIZABETH SEARS has suffered severe emotional distress, lost the services of EVAN SEARS forever, lost

his companionship forever, lost his love forever, lost his affection forever and have [sic] required counseling and care in an amount according to proof at the time of trial."

(R. 6.) The purpose of the Wrongful Death Statute is to benefit the survivors by providing compensation for the loss of the decedent's life; thus, pecuniary loss is its foundation. *Luider v. Skaggs,* 693 N.E.2d 593, 596 (Ind.Ct.App.1998), *trans. denied.* If Elizabeth is a dependent under the Wrongful Death Statute, she could potentially recover pecuniary losses related to Evan's death as well as damages for loss of love, care and affection. *Necessary,* 697 N.E.2d at 76. Pecuniary loss can be determined, in part, from the assistance that the decedent would have provided through money, services, or other material benefits. *Id.* To prove dependency, it must be shown that a need or necessity of support existed on the part of the person alleged to be dependent, together with a contribution to such support by the deceased. *Id.* at 76. Partial dependency is sufficient to establish the "necessitous want," and it is not necessary that the decedent have been under a legal obligation to support the next of kin. *Id.*

The Estate has alleged that Elizabeth received support and transportation from Evan. Griffin has designated no materials relevant to this claim. There exists a genuine issue of material fact for resolution by the factfinder, specifically, whether Elizabeth has experienced financial deprivation due to Evan's death. Accordingly, Griffin has not demonstrated the absence of a genuine issue of material fact and her entitlement to judgment as a matter of law on the claim for dependency damages.

## Conclusion

In light of the foregoing, the trial court properly granted summary judgment in favor of Griffin upon the survival damages claim brought by the Estate. However, Griffin was not entitled to summary judgment on the claim of the Estate for reimbursement of payments to service providers and for dependency damages. Therefore, we reverse in part and remand for further proceedings on the remaining claims of the Estate.

Affirmed in part; reversed in part and remanded.

MATHIAS, J., concurs.

BAKER, J. concurs in part and dissents in part with separate opinion.

BAKER, Judge, concurring in part and dissenting in part.

For the policy limits of Griffin's automobile insurance coverage, both Marci and David Sears released Griffin "from any and all claims, demands, damages, actions, causes of action or suits of any kind or nature whatsoever" arising from Evan's accidental death. Record at 30. Now, as administratrix of Evan's estate and as the next best friend of Evan's sister, Marci brings an adult and child wrongful death claim as well as a survival claim against Griffin.[3] I agree with the majority's conclusion that no party may bring a survival claim against Griffin arising out Evan's accidental death. I disagree, however, with the result that Elizabeth and Marci may continue to bring wrongful death claims.

---

**3.** Though Marci does not specifically plead these claims, the complaint's facts, at first blush, appear to give rise to them.

## I. Standing

This court may affirm the trial court's grant of summary judgment on any legal theory supported by the evidence. *Allstate Indem. Co. v. Brown*, 696 N.E.2d 92, 97 (Ind.Ct.App.1998), *trans. denied.* Summary judgment was properly granted based on the issue of standing. The complaint's caption lists the parties as: "The ESTATE OF EVAN SEARS by and through his administratrix, Marci Sears and ELIZABETH SEARS by and through her next best friend, Marci Sears." R. at 5. A wrongful death claim is a statutory creation and did not exist at common law. *Ed Wiersma Trucking Co. v. Pfaff*, 678 N.E.2d 110, 110 (Ind.1997), *adopting* 643 N.E.2d 909, 911 (Ind.Ct.App.1994); *Pittsburgh, Cincinnati, Chicago & St. Louis Ry. Co. v. Hosea*, 152 Ind. 412, 418, 53 N.E. 419, 421 (1899); *South v. White River Farm Bureau Co-op*, 639 N.E.2d 671, 673 (Ind.Ct.App.1994). The Adult Wrongful Death Statute grants only the decedent's "personal representative"[4] the right to pursue such a claim. IND.CODE § 34-23-1-1; *see General Motors Corp. v. Arnett*, 418 N.E.2d 546, 548 (Ind.Ct.App.1981) ("It is a condition precedent that the action against G.M. be brought by someone in the capacity of the personal representative."); *South*, 639 N.E.2d at 673-74 (holding that order granting South special authority to sue only one defendant—with whom she eventually settled—did not confer general authority to sue all potential defendants, and therefore South was not a proper party to bring suit). The Child Wrongful Death Statute also limits the plaintiffs who may maintain a claim. The statute allows only parents or guardians to bring such a claim. IND.CODE § 34-23-2-1(b).

In the instant case, Elizabeth is not Evan's personal representative. Therefore, she may not bring a claim under the Adult Wrongful Death Statute. Likewise as Evan's sister, Elizabeth may not maintain a claim under the Child Wrongful Death Statute. In short, Elizabeth is not a proper party to bring suit against Griffin.

## II. Release

This court must also address whether Marci, having released Griffin from liability, may pursue wrongful death claims against her.[5] Under Indiana law, " 'release documents shall be interpreted in the same manner as any other contract document, with the intention of the parties regarding the purpose of the document governing.' " *OEC–Diasonics, Inc. v. Major*, 674 N.E.2d 1312, 1314 (Ind.1996) (4–0 decision, Boehm, J., not participating) (quoting *Huffman v. Monroe County Cmty. Sch. Corp.*, 588 N.E.2d 1264, 1267 (Ind.1992)). The interpretation of a release is determined by the particular instrument's terms, in light of all of the facts and circumstances. *Id.* Where a contract is unambiguous, the language used in the contract should determine the intent of the parties. *Id.*

First, under the Child Wrongful Death Act, only a parent or guardian may bring suit. I.C. § 34-23-2-1. But, for the policy limits of Griffin's automobile insurance coverage, both Marci and David Sears:

> release[d] and forever discharge[d] Patricia Griffin ... from any and all

---

4. Similarly, the Survival Statute grants only the decedent's personal representative the right to maintain a claim. I.C. § 34-9-3-4.

5. One who has been appointed as a general administratrix of an estate may bring a wrongful death claim as the decedent's personal representative. *See In re Estate of Hutman*, 705 N.E.2d 1060, 1064 (Ind.Ct.App. 1999) (holding by implication that the term "personal representative" could encompass a special administratrix as well as a general one).

claims, demands, damages, actions, causes of action or suits of any kind or nature whatsoever....

....

[Martha and David Sears] hereby declare[ ] that the terms of this settlement have been completely read and are fully understood and voluntarily accepted for the purpose of making a full and final compromise settlement of any and all claims ... and for the express purpose of precluding forever any further or additional claims....

R. at 30. Thus, according to the release's plain language, neither Marci nor David may bring a child wrongful death claim against Griffin. They have fully and finally released those claims.

Second, neither Marci nor David may bring an adult wrongful death claim. This conclusion rests on the release's terms read in light of all the facts and circumstances surrounding its creation. *See OEC–Diasonics*, 674 N.E.2d at 1314. Here, Marci and David released Griffin from "any and all claims ... of any kind or nature whatsoever" for the limits of Griffin's insurance policy. R. at 28, 30. "Kind" denotes a "variety; sort; type" or a "class or category of similar or related individuals." *The American Heritage Dictionary of the English Language* 721 (1978). And "nature" is defined as the "intrinsic characteristics and qualities" of a

thing. *Id.* at 875. Given the definitions, the terms "any kind or nature whatsoever" embrace more than the claims that Marci and David could bring as individuals. These broad terms release claims that Marci or David may have brought in their representative capacities.

In sum, because neither Marci nor Elizabeth may maintain these claims against Griffin, I would affirm the judgment of the trial court.[6]

---

**6.** To hold otherwise would compromise the special fiduciary relationship between Marci and Elizabeth. As personal representative of Evan's estate in the wrongful death action, Marci owes an "extraordinary" fiduciary duty to Elizabeth. *Vollmar by Vollmar v. Rupright*, 517 N.E.2d 1240, 1244 (Ind.Ct.App.1988). In the instant case, Marci depleted the most liquid asset of the claim—the entire proceeds of the insurance policy—and presumably did not allocate it toward Elizabeth's loss. Furthermore, to the extent Marci failed to use the asset to pay for reasonable medical, hospital, funeral, and burial expenses; she has diminished Elizabeth's potential recovery. The Adult Wrongful Death Statute directs that creditor expenses be satisfied first. I.C. § 34–23–1–1. Then, the "remainder of the damages, if any, ... inure to the benefit of ... dependent next of kin." *Id.* To let these claims, including Elizabeth's by any personal representative, proceed would potentially expose Marci to liability for breach of fiduciary duty toward Elizabeth. *Cf. Vollmar*, 517 N.E.2d 1240 (involving suit by minor beneficiary against personal representative who settled wrongful death claim after filing suit).