The ESTATE OF Evan SEARS by and through his administratrix, Marci SEARS and Elizabeth Sears by and through her next best friend, Marci Sears, Appellant (Plaintiff),

v.

Patricia GRIFFIN, Appellee (Defendant).

No. 71S05–0207–CV–402.

Supreme Court of Indiana.

July 24, 2002.

Michael D. Cortson, Mishawaka, IN, Attorney for Appellants.

Robert J. Palmer, Brad Varner, May, Oberfell & Lorber, South Bend, IN, Attorneys for Appellee.

SHEPARD, Chief Justice.

Motorist Patricia Griffin struck and killed eighteen-year-old Evan Sears as he was doing road work for the City of South Bend. Griffin entered into a settlement agreement with Evan's parents for the limits of her insurance in return for a release from further liability. Evan's mother Marci then sued Griffin as administratrix of Evan's estate and as next friend of her daughter, Evan's younger sister. This effort to obtain further damages notwithstanding a settlement will fail unless Marci Griffin can prove on remand that her daughter qualified as her son's legal dependent.

## Facts and Procedural History

Griffin's automobile struck Evan as he was installing a traffic counting strip in a roadway on August 2, 1999, and he died from his resulting head injuries eight hours later. On January 26, 2000, Evan's parents David and Martha (Marci) Sears signed a release discharging Griffin from all claims arising from the accident in exchange for the $50,000 limit of Griffin's liability insurance policy.

On May 8, 2000, Marci Sears sued Griffin as administratrix of Evan's estate, seeking survival and wrongful death damages. She also sought wrongful death damages as next friend of her daughter Elizabeth, who was twelve when Marci signed the release. Griffin moved for dismissal of the claims, arguing that the Sears were entitled to only one remedy, which they had received, and that Elizabeth could only make a claim through Evan's estate.

The trial court granted Griffin's motion to dismiss all the claims. The Indiana Court of Appeals treated the ruling as a grant of summary judgment,[1] and reversed on the wrongful death claims. *Estate of Sears v. Griffin*, 752 N.E.2d 210, 217 (Ind. Ct.App.2001). Judge Baker concluded that he would affirm the trial court on all claims. *Id.* at 218–20 (Baker, J. concurring in part and dissenting in part).

---

1. The Court of Appeals cited Ind. Trial Rule 12(B), which says in relevant part: "If, on a motion, asserting the defense number (6), to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment." *Estate of Sears*, 752 N.E.2d at 213–14. The trial court did not exclude either Marci's affidavit or the release agreement. (*See* R. at 66.)

## The Estate's Survival Claim

■■■ The estate's survival claim has no merit. Indiana Code Ann. § 34–9–3–4 (West 1999) "applies when a person: (1) receives personal injuries caused by the wrongful act or omission of another; and (2) subsequently dies from causes *other than* those personal injuries." (Emphasis added.) Evan undisputedly died of the injuries he suffered when struck by Griffin's car, so there is no cause of action under this statute. *See Cahoon v. Cummings*, 734 N.E.2d 535, 543 (Ind.2000).

## The Wrongful Death Claims

■■■ Wrongful death actions are purely statutory. *Ed Wiersma Trucking Co. v. Pfaff*, 643 N.E.2d 909, 911 (Ind.Ct.App. 1994), *adopted by* 678 N.E.2d 110 (Ind. 1997). At common law, there was no tort liability for killing another because personal injury actions did not survive the injured party's death. *Id.*

Indiana's general wrongful death statute ("WDS") allows personal representatives of decedents' estates to recover damages on behalf of surviving spouses, dependent children or next of kin, and service providers such as funeral homes. Ind.Code Ann. § 34–23–1–1 (West 1999). Our child wrongful death statute ("CWDS") allows parents or guardians to obtain damages for the wrongful death of unmarried children who had no legal dependents and were under twenty years of age (or under twenty-three and still in school).[2] Ind. Code Ann. § 34–23–2–1 (West 1999). The CWDS therefore allows recovery without proof of dependency or the necessity of opening an estate.[3]

■■■ Both statutes allow damages for loss of services; loss of love, care, and affection; and expenses such as medical, funeral and burial expenses. *See* Ind.Code §§ 34–23–1–1, 2–1; *Ed Wiersma Trucking Co.*, 643 N.E.2d at 913. The two statutes are disjunctive, so if the decedent fits the CWDS description (unmarried, under age twenty, no dependents), that statute provides the exclusive remedy for the wrongful death. *Ed Wiersma Trucking Co.*, 643 N.E.2d at 912; *City of Indianapolis v. Taylor*, 707 N.E.2d 1047, 1060 (Ind.Ct. App.1999) (quoting *Vera Cruz v. Chesapeake & Ohio Ry. Co.*, 192 F.Supp. 958, 958 (N.D.Ind.1961)) ("The Indiana Wrongful Death Act and the Indiana statute allowing recovery by a parent for the loss of services of a child create independent and mutually exclusive actions. They neither afford optionally alternative remedies nor are they actions that can be pursued together.").

Judge Baker correctly observed that only a personal representative may bring an action under the WDS. *Estate of Sears*, 752 N.E.2d at 219 (Baker, J., concurring in part and dissenting in part); Ind.Code § 34–23–1–1. Therefore, Marci as next friend of Elizabeth lacked standing to bring such a claim, and the trial court correctly rejected it.

Nonetheless, the question whether Elizabeth qualified as a dependent is important in evaluating the estate's wrongful death claim because the determination of

---

2. The legislature added an "adult person" wrongful death statute to the WDS and the CWDS, effective January 1, 2000 (after Evan's death). *See* Ind.Code Ann. § 34–23–1–2 (West 2001). This statute governs actions for the wrongful death of unmarried persons who are not children as defined in the CWDS, but who die without dependents. *Id.*

3. Judgment for the estate on its wrongful death claim would eliminate this benefit in cases settled. Prudent attorneys representing potential defendants would require parents to open estates and release liability on their own behalf, to cover CWDS liability, and also on the estate's behalf, to cover WDS liability.

which statute applies (WDS or CWDS) turns on whether Evan died "without dependents." Ind.Code § 34–23–2–1(a).

■ A decedent need not have been legally obligated to support an individual for that person to qualify as a "dependent next of kin" under the WDS. *N.Y. Cent. R. Co. v. Johnson*, 234 Ind. 457, 464, 127 N.E.2d 603, 606–07 (1955). Neither is total dependence required. 234 Ind. at 464–65, 127 N.E.2d at 607.

■ The person claiming dependence must, however, "show a need or necessity for support . . . coupled with the contribution to such support by the deceased." 234 Ind. at 465, 127 N.E.2d at 607. As explained in *Luider v. Skaggs*, 693 N.E.2d 593, 596–97 (Ind.Ct.App.1998) (citation omitted), "Pecuniary loss is the foundation of the wrongful death action. This loss can be determined in part from the assistance that the decedent would have provided through money, services or other material benefits."

■ Evidence such as a legal obligation to support and claiming dependency for tax purposes may be considered, although they are not dispositive. *See N.Y. Cent. R. Co.*, 234 Ind. at 464, 127 N.E.2d at 606–07 (citation omitted) ("It is not necessary for the decedent to have been under a legal obligation to support the next of kin, but it may be of weight in determining the amount of pecuniary loss."); *see also Koger v. Reid*, 417 N.E.2d 1142, 1143, 1145 (Ind.Ct.App.1981) (rejecting claim that father and younger brothers were dependent next of kin of seventeen-year-old decedent who took over household maintenance chores after her mother died and chauffeured brothers to school activities and church; no "necessitous want" where father paid all household expenses including daughter's maintenance and his "attitude regarding dependency status was indicated on his income tax return").

■ Although Elizabeth undoubtedly "depended" on her older brother in the everyday sense of the word, the legal definition is what matters here. The complaint alleged that Elizabeth was dependent on Evan for "love, affection, support, transportation, comfort, counseling, and guidance." (R. at 6.)

Although the record is not yet developed, it would be quite unusual for a twelve-year-old with both parents living to be dependent on her teen-age sibling for services and/or financial support that the parents could not or would not provide in that sibling's absence.

■ Services must go beyond merely helping other family members, even those who have relied on that assistance. In *Chamberlain v. Parks*, 692 N.E.2d 1380, 1381, 1384–85 (Ind.Ct.App.1998), a twenty-five-year-old helped his retired mother in and out of chairs, drove her to doctor appointments, carried groceries, helped his father with lawn care and snow removal, and performed other household tasks. The court found these services not sufficiently "tangible and material" to establish the parents' dependence; they "amounted to no more than gifts, donations and acts of generosity expected of a son to whom free housing, most of his board, gasoline money and automobile insurance was provided." *Id.* at 1384.

■ The support must also be more than just a service or benefit to which the claimed dependent had become accustomed. In *Wolf v. Boren*, 685 N.E.2d 86, 87 (Ind.Ct.App.1997), a father and three adult siblings of a forty-four-year-old decedent claimed dependent next of kin status because the decedent maintained a Lake Monroe vacation home which he had allowed the family to use. Although "[i]n a general sense, [decedent's] family was depending on [decedent] to provide his vacation home as a family retreat," the court

declined to extend coverage of the WDS that far. *Id.* at 88.[4]

We find no cases establishing dependency for purposes of the WDS based on purely emotional support, or on financial support and/or services that parents were capable of providing and would be obligated to provide in the absence of a deceased sibling. Unless more than this is proven on remand, Evan died without legal dependents and recovery for his wrongful death lies under the CWDS, not the WDS.[5]

## Conclusion

We affirm judgment for the defendant on the estate's survival claim and on Elizabeth's wrongful death claim. We reverse on the estate's wrongful death claim and remand for a determination of whether Elizabeth was Evan's legal dependent.

DICKSON, SULLIVAN, and RUCKER, JJ., concur.

BOEHM, J., dissents with separate opinion.

BOEHM, Justice, dissenting.

The issue in this case is whether there is a claim for the death of Evan Sears, age 18, under the Wrongful Death Statute, or under the Child Wrongful Death Statute. There cannot be both. Either Evan did or did not have a "dependent" within the meaning of those statutes. If he did, a WDS claim is available to the personal representative of the decedent, but there is no CWDS claim. If he did not, a CWDS claim is available to his parents, but there is no WDS claim. His parents presented a CWDS claim, received the insurance limits in settlement, and executed the release of all claims described in Judge Baker's dissent. *Estate of Sears v. Griffin*, 752 N.E.2d 210, 219–20 (Ind.Ct.App.2001). His mother then turned around and, assuming the role of personal representative, presented a WDS claim on the inconsistent and wholly implausible theory that Evan's twelve-year-old sister was his dependent. I would affirm the trial court's dismissal of this claim on two grounds: (1) Evan's sister is not, as a matter of law under these pleadings, a dependent of Evan; and (2) his mother is estopped from presenting herself as a prospective personal representative to pursue this spurious claim after

4. *See also Estate of Miller v. City of Hammond*, 691 N.E.2d 1310, 1312–13 (Ind.Ct.App. 1998) (partial support provided by twenty-three-year-old who worked for family businesses more "expectation" than "need"); *compare to Necessary v. Inter–State Towing*, 697 N.E.2d 73, 75, 78 (Ind.Ct.App.1998) (genuine issue of material fact where mother living with adult son and adult grandson made "significant, regular and continuous financial and non-financial contributions on a daily basis").

5. Should the estate prove on remand that Elizabeth qualified as Evan's dependent, Marci may find herself in a highly untenable position as a result of her attorney's advice to bring suit after accepting a settlement. As Judge Baker noted, Marci as personal representative of Evan's estate owes Elizabeth, as a potential beneficiary, a fiduciary duty. *Estate of Sears*, 752 N.E.2d at 220 n. 6 (Baker, J., concurring in part and dissenting in part) (citation omitted) (a personal representative in wrongful death action owes an "extraordinary" fiduciary duty). By "deplet[ing] the most liquid asset" available for recovery (and likely allocating none of it for Elizabeth's particular benefit), Marci arguably violated this duty if Elizabeth is entitled to recovery under the WDS. *Id.*

Judge Baker further noted that to the extent Marci did not use the insurance proceeds for expenses (which are an element of damages under the CWDS), she has diminished Elizabeth's potential recovery, because under the WDS creditor expenses come before other distributions, including those to dependent next of kin. *Id.*

The upshot of all this is that, if Elizabeth was Evan's legal dependent, Marci could be obligated to resign as personal representative and her successor could pursue these claims against her.

she sought and obtained recovery under an inconsistent theory.